*329 The opinion of the Court was delivered by
Tilghman C. J.
This was', a scire facias against the heir and terre tenant of Henry Coyle, deceased, on a judgment against the said Henry, entered at March Term, 1787. Several errors were assigned, but in the course of the argument they were all very properly relinquished but one— which was, that the jury did not find any lands bound by the judgment, in the hands of either of the defendants, and that the judgment on the scirefacias is entered in such a manner as toaffectthe defendants personally. If that were even the case, the defendants would have themselves to blame for it, because they did not plead any thing which brought that point before the jury. They pleaded payment, and besides, 0‘Conner pleaded for himself, “that he was a purchaser for a valuable consideration,- and stood, protected by law.” A singular plea to be sure ; for what protection did the law afford to a man who purchased land bound by a judgment? However, the defendants need not be unnecessarily alarmed —the judgment is entered in a short memorandum, as all our judgments are, and when reduced to form, will only affect the land bound by the judgment. Tt is too late for this Court to attempt now to correct a mischievous and inveterate practice, which has entered into the system and very heart of our titles to land.' Our judicial proceedings framed in the unsuspecting simplicity of early timés, with a view of avoiding expense, or saving trouble, have been so short, as to be obscure ; so loose, as tó be uncertain. The prothonotary writes the word judgment, and that is all we have for it. But what that judgment is, the Courts, as they are called on from time to time, must explain. This Court has considered itself bound in duty to support judgments as far as possible, where every thing appeared fair and honest. In writs of scire facias against heirs, and terre-tenants, it has. been very common not to specify the lands of which execution is. demanded. The scire facias directs the Sheriff, to make known, See., to the terre tenant of all the lands held by the defendants at the time .of the judgment, and the Sheriff returns, that he has made known, &c., to certain persons, naming • them, but not describing the lands held by them. The short entry of judgment against those persons, is construed to relate only to the lands in their possession, which were bound *330 bv the original judgment, and notto affect them personally. I am sensible that this is an inconvenient way of conducting the business, and am very sorry for it. But so it must remain, until the Legislature interfere ; for this Court cannot make an alteration, withoút affecting past transactions; which would disturb the quiet of the State;' All that we can do, is, to protect all persons, as far as possible, from suffering by any misconstruction of the judgments which are entered, or by any abuse which may be attempted to be made of them. In general, tlie pleadings, issue, and verdict, shew plainly enough; what the judgment ought to be. In the case before us, considering the practice which.has prevailed, I think it sufficiently clear that the judgment affects not the persons of the defendants, buri operates only on the lands which were in the tenure tif them, or either of them, and were held by Henry 'Coyle, deceased, at the time the original judgment was entered against him. Should the plaintiffs attempt to injure them, by taking an execution against any other lands, or against their persons, the Court will interfere, and do justice in a very summary way. I am therefore of opinion, that the judgment should be affirmed. ■
Judgment affirmed.
Duncan J. gave no opinion, having been counsel in the cause.